# BENJ. CONTEE, Adm'r of ELEANOR CONTEE, *vs.* THOMAS G. PRATT, Adm'r of JAMES KENT.

To authorise an appeal from a decree in chancery after nine months, it must, under the act of 1826, ch. 200, sec. 14, be *alleged* on oath that the decree was obtained by *fraud* or *mistake,* though the facts need not be *proved.*

A *mistake* which will authorise such an appeal is not mere *laches;* but must result from the act of the other party, or from an error of the chancellor, by which the appellant was misled without any fault of his own.

This court is bound judicially to know what the rules of the court of chancery are.

APPEAL from the equity side of the Circuit Court for Prince Georges county.

An estate was sold under a decree of the court of chancery for distribution amongst the parties entitled, one of whom was Joseph Kent, Jr., a resident of Arkansas, and in regard to his share the controversy in this case arose, originally between James Kent, as adm'r of Joseph Kent, and the appellant, each of whom claimed said share, as a creditor of said Joseph Kent, Jr., and each resisted the claim of the other. The chancellor, on the 4th of December 1852, passed an order directing the matter of the petition of the appellant claiming

said share to stand for hearing on the 28th of February 1853, and authorising the parties in the meantime to take testimony in reference thereto. No further action appears to have been taken on either side until the 17th of October 1853, when Thomas G. Pratt filed his petition, alleging the death of James Kent, after final settlement of the estate of Joseph Kent, and the petitioner's appointment as administrator of said James Kent, and asking to be substituted as the party in the cause as such administrator, and that the money coming to Joseph Kent, Jr., may be ordered to be paid to him. Upon this petition the chancellor, on the day following, (18th of October 1853,) passed an order admitting the petitioner as a party in place of James Kent, deceased, and directing the sums of money awarded by the auditor's report to Joseph Kent to be paid to the petitioner, as administrator of James Kent, deceased.

Nothing further appears to have been done in the case until the 29th of January 1855, when the cause was transmitted to the circuit court for Prince Georges county, the court of chancery having expired on the 10th of March 1854. On the 13th of February 1855, the appellant filed his petition, (the nature of which is sufficiently stated in the opinion of this court,) asking that the order of the chancellor, of the 18th of October 1853, may be rescinded, and leave given petitioner to prosecute his claim. This petition the court, (CRAIN, J.,) dismissed, with costs, by an order dated the 6th of April 1855, from which the petitioner, on the same day, appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*Robert J. Brent* for the appellant, argued:

1st. That the order of the 18th of October 1853 was erroneous, because no notice of the appearance of the administrator of James Kent was given as required by law, (*Act of 1820, ch.* 161, *sec.* 4; 1 *Bland*, 131, *Hall vs. Hall; Alex. Ch. Pr.,* 107,) and because there was no proof of the claim of James Kent, administrator of Joseph Kent, and if there was, the appearance of the administrator of James Kent did not make

the proper party to litigate the claim as against this appellant or Joseph Kent, Jr., and, more especially, because the obtention of such order, without notice or opportunity to oppose the same, operated a surprise upon the appellant under the circumstances of the case. 14 *How.*, 334, *Harris vs. Hardeman, et al.*

2nd. That this appeal opens for review the legality of the order of the 18th of October 1853, even if it were a final order, notwithstanding the appeal was not taken for more than nine months from the date of the order. In *Oliver vs. Palmer & Hamilton*, 11 *G. & J.*, 137, it was decided, that any order might be appealed from after nine months, upon an allegation under oath of fraud or mistake in the order, and this allegation need not be proved provided the appeal was within nine months after the discovery of the fraud or mistake.

3rd. The petition of the appellant sufficiently shows there was mistake in the order of the 18th of October 1853. The cause remained in the court of chancery until the 29th of January 1855, and that court, by the provisions of the new constitution, expired on the 10th of March 1854, so that from the latter date until the cause was transmitted there was no court in which action could have been taken or an appeal entered. Our petition was filed in less than thirty days after the record was transmitted to Prince Georges county court, and this appeal was entered on the 6th of April 1855, in two months and some eleven days. We have therefore only to account for the delay from the date of the order to the 10th of March 1854, a period of four months and some twenty days, during which we could have taken an appeal, for none could be taken or ordered after the latter date, when there was no register to enter the order or transmit the record. Now it was manifestly the intention of the law to allow the party nine full months to enter his appeal, and the interesting question arises, whether, in this computation of time, we are to include the period when, by the operation of the constitution, no appeal could possibly be taken? If so, then a party would lose his appeal from a decree of the court of chancery rendered on the 9th of March 1854, unless he could succeed in getting

the proceedings removed to another court in the nine months. I therefore submit, that the nine months must, *ex necessitate*, be computed inclusively of the time when an appeal could be entered or taken, and that we are not too late in our appeal from this order, because, adding together the times when we could have appealed, we have but seven months in the aggregate, and we have brought this appeal in less than the legal period of nine months. The appeal therefore, I submit, is in time, and brings up not only the order dismissing our petition to rescind, but also the order of the 18th of October 1853, even if that order was to be considered as a decretal order, finally settling rights. But I regard this order as merely interlocutory. It directs the payment of money, but does not act on the appellant's petition, nor dismiss it, nor does it settle any right *inter partes* while improvidently and erroneous by directing the payment of the money. The only final order is by Judge Crain, dismissing our petition and refusing its prayers, viz: "a recision of the order of the 18th of October 1854, and that we may be allowed to prosecute our said claim," thus virtually turning us out of court. This is the final order from which we can appeal and review all interlocutory proceedings. (3 *Dall.*, 404, *Wilson vs. Daniel.* 2 *Pet.*, 463, *Weston, et al., vs. The City Council of Charleston.* 2 *Mass.*, 142, *Bemis vs. Faxon.* 4 *Do.*, 107, *Lamphear vs. Lampsey.* 5 *Do.*, 195, *Tappan vs. Bruen.* 4 *New Hamp.*, 320, *Buckman vs. Buckman.* 2 *H. & G.*, 338, *Munnikuyson vs. Dorsett.* 8 *G. & J.*, 35. *Miller vs. Allison.* 6 *Md. Rep.*, 494, *Wakins vs. Bevans.*) A refusal to open a judgment rendered without due notice is the subject of appeal. (14 *How.*, 334, *Harris vs. Hardeman.*) An appeal lies from the dismissal of a bill of review. 7 *G. & J.*, 191, *Berrett vs. Oliver.* The appeal being in order we confidently claim a reversal, because:—1st, the administrator of James Kent is not a proper party to litigate in respect to the assets of his intestate's intestate; 2nd, his claim is not proved; 3rd, it was barred by the judgments exhibited with our petition; 4th, we have a right to prosecute our claim by proper proceedings hereafter in court; and 5th, the sum of $111.45, shown by

the auditor's report of the 17th of February 1855, to be still in the hands of the trustees, was at least in the control of the court, and so far as that amount was involved we ought to have been allowed to prosecute our petition.

*Thomas G. Pratt* for the appellee, argued :

1st. That the claim of James Kent was sufficiently proved to authorise the order of the 18th of October 1853, (*Alex. Ch. Pr.*, 39,) the order of publication to affect non-resident defendants having been duly made. Nor was the appellant entitled to notice of the application resulting in this order. See 12th, 14th and 34th rules of the chancery court, in *Alex. Ch. Pr.*, 367, 368, 373.

2nd. That this order being a *final* order, adjudicating the rights of the parties, could not be annulled or set aside by a petition filed for that purpose more than fourteen months after its enrolment, (*Alex. Ch. Pr.*, 177, 178; 1 *G. & J.*, 425, *Burch vs. Scott;*) nor could it be the subject matter of an appeal first prayed for and granted on the 6th of April 1855, (*Act of* 1826, *ch.* 200, *sec.* 14; 3 *Md. Rep.*, 476, *Glenn vs. Chesapeake Bank; Alex. Ch. Pr.*, 182;) for there is no affidavit in the case that this order was obtained by fraud or mistake. A comparison of the affidavit in *Oliver vs. Palmer & Hamilton*, 11 *G. & J.*, 139, with the affidavit and petition in this case, abundantly establishes this point. But even if the affidavit here can be held to allege that the order was obtained by mistake, we still insist that the appeal was too late, not being within nine months from the end of the term at which it was passed, and of which, under the rules of court, the party was obliged to take notice. (18th rule of the chancery court, in *Alex. Ch. Pr.*, 182.) The appeal must be within nine months after mistake discovered.

3rd. That the abolition of the court of chancery does not extend the period within which appeals could be taken from the decrees of that court:—1st. He could have filed his order for an appeal amongst the papers with the keeper of the chancery records, which could have been certified by him to this court. *Act of* 1854, *ch.* 149, *sec.* 3. 2nd. If injured by the

Contee, Adm'r of Contee, *vs.* Pratt, Adm'r of Kent.

non-transmission of the papers, the keeper of the chancery records, whose duty it was to transmit them immediately, is answerable. *Act of* 1854, *ch.* 149, *sec.* 4. 3rd. He was empowered to obtain an order for their transmission, (*Act of* 1853, *ch.* 123,) and cannot avail himself of his own laches. 4th. Neither the constitution or any subsequent act extends the right to appeal beyond the nine months from the date of the decree, and if it affects the appellant, as is insisted, the constitution, *pro tanto*, repeals the act of 1826, and curtails the right of appeal upon decrees in the chancery court then unappealed from.

4th. That the appellant has no standing in respect to his alleged claim to interfere with the disposition of this fund, for, 1st. He has offered no proof to establish his claim within the time prescribed by the chancellor, who had consequently the right to disregard it. 2nd. He has to the present moment furnished no proof, although his original petition setting up the claim was filed on the 19th of February 1852; and 3rd. By his own showing, the claim in respect to which his petition is filed, is barred by limitations.

5th. That as James Kent, as administrator of Joseph Kent, had finally settled the estate of his intestate, and been charged with the debt sought here to be recovered, the administrator of James Kent is proper party to prosecute the claim and receive the money, which was, therefore, properly and legally paid to him.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from an order of the circuit court of Prince Georges county dismissing the petition of the appellant, filed the 13th of February 1855. The object of the petition, among other things, was to procure the review and rescision of an order of the chancellor, of date the 18th of October 1853.

We did not understand the counsel for appellant as insisting this could be done, after such a lapse of time, except on the ground that the order of the chancellor was obtained by *fraud* or *mistake.* By the act of 1826, ch. 200, sec. 14, all appeals from decrees of the court of chancery shall be prosecuted

Contee, Adm'r of Contee, *vs.* Pratt, Adm'r of Kent.

within nine months from the time of making such decrees, and not afterwards, "unless it shall be *alleged*, on oath or affirmation, that such decree was obtained by *fraud* or *mistake*." Although the provisions of the act do not require the facts shall be *proved* to authorise the appeal, they do, however, require that either "*fraud*" or "*mistake*" shall be "*alleged*." *Oliver vs. Palmer & Hamilton*, 11 *Gill & John.*, 143. In the case now before us, neither the petition nor affidavit attached thereto, allege fraud or mistake in the obtention of the order sought to be rescinded. The petition merely states certain persons were under certain impressions and that proper exertions were made to procure particular proof. There is not the slightest allegation that either appellant or his solicitor was misled by anything said or done by the appellee. If misled at all, they were so by their own over confidence. The petition is rather an argument on certain suppositions than an allegation of fraud or mistake as required by the act of 1826.

The court of chancery was not abolished until the 11th day of March 1854, and the order was passed on the 18th of October preceding. The 18th rule of that court declared that every solicitor of the court was bound to take notice of any rule or order made, during the sitting of any term, relative to any suit in which he should be concerned. *Alex. Ch. Pr.*, 368. Although the rules of the court are not in the record, we are nevertheless bound judicially to know what they are *Oliver vs. Palmer & Hamilton*, 11 *Gill & John.*, 440.

This being so, in contemplation of law, in the absence of fraud or mistake, the appellant and his solicitor had knowledge of the order of the 18th of October 1853 at the expiration of the term at which it was passed. The mistake which will authorise an appeal after the lapse of nine months is not mere laches, as in this case. It must result from the act of the other party, or flow from an error of the chancellor by which the appellant was misled without any fault of his own. We do not regard the case presented by this record as coming within the purview of the act of 1826, and therefore affirm the order of the circuit court.

*Order affirmed, with costs.*